**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re CAPSULE INTERNATIONAL HOLDINGS LLC, *et al.*[1], | Case No. 13-13281 (CSS) |
| Debtors. | Chapter 11 Jointly Administered |
| CAPSULE INTERNATIONAL HOLDINGS LLC, *et al.*[2], | |
| Plaintiffs, | Adv. Pro. No. 15-50840 (CSS) |
| v. | |
| DECHERT LLP, *et al.*, | <u>Hearing Date</u>: 12/1/2015 at 10:00 AM<br><u>Obj. Deadline</u>: 11/24/2015 at 4:00 PM |
| Defendants. | |

**AMENDED MOTION OF THE DEBTORS AND THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS FOR AUTHORITY TO SETTLE DISPUTES
WITH CERTAIN DEFENDANTS AND TO DISPOSE OF CERTAIN RESERVES
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

The above-captioned debtors and debtors-in-possession ("**Debtors**") and the Official Committee of Unsecured Creditors ("**Committee**", and together with the Debtors, as appropriate, the "**Plaintiffs**"), jointly submit this amended motion ("**Amended Motion**") for entry of an Order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), approving the proposed compromise and settlement and disposition of certain reserves on the terms described below ("**Settlement**").

---

[1] Capsule Group Holdings, Inc.; Capsule Intermediate Holdings, Inc.; Capsule Group, Inc.; Capsule International LLC; Capsule DE I, Inc.; Capsule DE II, Inc.; Capsule PA, Inc.; Capsule Foreign Holdings, Inc.; and Capsule International U.K. Limited (Foreign).
[2] Capsule Group Holdings, Inc.; Capsule Intermediate Holdings, Inc.; Capsule Group, Inc.; Capsule International LLC; Capsule DE I, Inc.; Capsule DE II, Inc.; Capsule PA, Inc.; and Capsule Foreign Holdings.

## INTRODUCTION

1.      The proposed Settlement, if approved, would finally resolve disputes between the Plaintiffs and the Lender Defendants (defined below) not only with respect to the above-captioned adversary proceeding ("**Adversary Proceeding**"), but also with respect to certain amounts held by the Plaintiffs in the Lender Reserves (defined below).

2.      On September 9, 2015, the Plaintiffs filed a *Motion of the Debtors and the Official Committee of Unsecured Creditors for Approval of a Compromise and Settlement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure* on September 9, 2015 ("**Original Motion**").  [D.I. 1011; Adv. D.I. 39]

3.      The Original Motion set out the key terms of the Settlement, but did not address some aspects of the proposed disposition of the Lender Reserves and the proposed form of settlement documentation.

4.      This Amended Motion is filed to clarify the relief sought with respect to the Settlement, the proposed documentation of which ("**Agreement**") is attached hereto at **Exhibit A**, and the disposition of the Lender Reserves.  This Amended Motion amends and supersedes the Original Motion.

## JURISDICTION

5.      The Court has jurisdiction pursuant to 28 U.S.C. § 1334(b).  This is a core proceeding as that term is defined in 28 U.S.C. §157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.  The predicate for relief is Bankruptcy Rule 9019(a).

## BACKGROUND

6.      On December 19, 2013, the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

No chapter 11 trustee or examiner has been appointed in these cases.  The cases are jointly administered pursuant to Bankruptcy Rule 1015(b).

7.      On January 6, 2014, the Office of the United States Trustee for the District of Delaware appointed the Committee.

8.      On March 25, 2014, the Court entered an order [D.I. 481] approving the Resolution of Committee Challenges and Fixing Reserves ("**Lien Stipulation**"), which was entered into between the Debtors, the Committee and the Lender Defendants.  The Lien Stipulation provided for, among other things, disposition of certain amounts of cash held as reserves by the Debtors to be used for specific purposes and, to the extent not used, to be paid over to the Lender Defendants ("**Lender Reserves**").

9.      As of October 27, 2015, the Debtors hold three categories of Lender Reserves in the following amounts:   (a) 503(b)(9) claims reserve at $1,470,930; (b) chapter 11 professional fees reserve at $1,305,025; and (c) post-petition operating expenses reserve at $1,841,491.  The bar dates for each of these categories of reserves has passed.  The only remaining unpaid claims in these reserves are claims under section 503(b)(9) of $173,018 and chapter 11 professional fees sought by Dechert of $573,233.

10.     On June 9, 2015, the Plaintiffs initiated the Adversary Proceeding against the Lender Defendants and the Non-Settling Defendants (defined below).   The "**Lender Defendants**" are Solus Alternative Asset Management LP, Black Diamond Commercial Finance, LLC, and Northeast Investors Trust.   The "**Non-Settling Defendants**" are Dechert LLP ("**Dechert**"), Louis Imbrogno and Mark Borseth.

11.     The Plaintiffs allege, among other things, that the Lender Defendants aided and abetted breaches of fiduciary duty.  The Plaintiffs' allegations are detailed in

the complaint in the Adversary Proceeding.  [Adv. D.I. 1].  The Lender Defendants dispute that they have any liability to the Plaintiffs, as detailed in a motion to dismiss filed or joined by the Lender Defendants.  [Adv. D.I. 25-27].[3]  The Lender Defendants have also requested the return of unused amounts in the Lender Reserves.

12.     Over the past several months, the Plaintiffs and the Lender Defendants have engaged in arms' length negotiations through counsel to resolve these issues.

## **PROPOSED SETTLEMENT**

13.     The proposed Settlement terms are set forth in detail in the Agreement, which is attached at Exhibit A.  In summary, the Settlement provides for the following:

a.     Mutual releases, including dismissal of the Lender Defendants from the Adversary Proceeding and the waiver by the Lender Defendants of all deficiency claims.

b.     The distribution to the Lender Defendants of $3,369,212.56 from the Lender Reserves.

c.     The retention by the Debtors of the balance of $1,248,233.10 from the Lender Reserves, with the Debtors retaining any amounts not used to pay either allowed claims under § 503(b)(9) or allowed chapter 11 fees of Dechert.

d.     The assignment from the Lender Defendants to the Debtors of all rights, standing and eligibility to assert claims "related to the Bonus Payments" (as that term is defined in the Lien Stipulation).

14.     The Settlement is entered into for the benefit of the Plaintiffs and the Lender Defendants and their affiliates and certain related parties as defined in the

---

[3] The Lender Defendants' motion to dismiss was withdrawn in light of this settlement. *See* Adv. D.I. 42.

Settlement Agreement alone.  Specifically, the Non-Settling Defendants are carved out from the release provisions of the Settlement.  Further, the Plaintiffs fully intend to rely upon and assert any rights, standing, or other benefit obtained from the Lender Defendants as a result of the settlement, including any rights or standing to assert claims against the Non-Settling Defendants or any other party not included in the current version of the complaint in the Adversary Proceeding.

## BASIS FOR REQUESTED RELIEF

15.    Bankruptcy Rule 9019 provides:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

16.    "Settlement agreements are generally favored and, in fact encouraged, in bankruptcy proceedings, as they provide for an often needed and efficient resolution of the bankruptcy case." *In re TSIC, Inc.*, 393 B.R. 71, 78 (Bankr. D. Del. 2008); *see also In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996); *Tindall v. Mavrode (In re Mavrode)*, 205 B.R. 716, 719 (Bankr. D.N.J. 1997).

17.    Courts should approve a settlement if it is fair and equitable, and is in the best interest of the estate.  *See Official Comm. of Unsecured Creditors v. Cajun Elec. Power Coop., Inc. (In re Cajun Elec. Power Coop., Inc.)*, 119 F.3d 349, 355 (5th Cir. 1997).  To make this determination, a court "must assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal."  *Id.* at 356; *see also Martin*, 91 F.3d at 393.

18.     Because a court cannot estimate a claim's value precisely, it may approve a settlement—even if it is not "the best possible compromise"—if it "is within the reasonable range of litigation possibilities." *In re World Health Alts., Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006) (quoting *In re Coram Healthcare Corp.*, 315 B.R. 321, 330 (Bankr. D. Del. 2004) and *In re Penn Cent. Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979)).

19.     The Third Circuit sets four primary criteria to consider:  (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors.  *Martin*, 91 F.3d at 393.

20.     In addition to these criteria, courts also consider:  (1) the competency and experience of counsel who support the settlement; (2) the relative benefits to be received by individuals or groups within the class; (3) the nature and breadth of releases to be obtained by the parties to the settlement; and (4) the extent to which the settlement is the product of arm's length bargaining.  *See Fischer v. Pereira (In re 47-49 Charles Street, Inc.)*, 209 B.R. 618, 620 (S.D.N.Y. 1997); *In re Spielfogel*, 211 B.R. 133, 144 (Bankr. S.D.N.Y. 1997); *In re Dow Corning Corp.*, 198 B.R. 214, 223 (Bankr. E.D. Mich. 1996).

21.     Although these criteria are non-exclusive, courts agree that it is **not** proper to consider the impact of a settlement on non-settling defendants in an adversary proceeding under Bankruptcy Rule 9019.  *See In re Bell & Beckwith*, 50 B.R. 422, 431 (Bankr. N.D. Ohio 1985) ("In determining whether or not to accept a proposed compromise, the Court must consider **only** whether the settlement is in the best interests of the estate.") (emphasis added).

22.     To apply these criteria, a court does not have to conduct a mini-trial to determine the probable outcome of any claims waived in the settlement. *See Cajun Elec.*, 119 F.3d at 356.   Nor does a court have to conduct an evidentiary hearing as a prerequisite to approving a settlement. *See Depositer v. Mary M. Holloway Found.*, 36 F.3d 582, 586 (7th Cir. 1994).  A court must, however, gather relevant facts and law so that it can make an informed, intelligent, and objective decision with respect to approving the settlement. *See Depositer*, 36 F.3d at 586; *see also Cajun Elec.*, 119 F.3d at 356.

23.     Finally, in evaluating settlements, "a court generally gives deference to a Debtor's business judgment."  *See In re Key3Media Grp., Inc.*, 336 B.R. 87, 93 (Bankr. D. Del. 2005).

24.     Here, the Debtors, the Committee, and the Lender Defendants all endorse the proposed Settlement, and the relevant criteria strongly support approval.   The Plaintiffs are confident in the merits of their claims against the Lender Defendants in the Adversary Proceeding, but continuing litigation would impose substantial burdens on the estate and carry litigation risk.   The Settlement was negotiated at arms' length by experienced counsel on both sides of the table.   The Plaintiffs are represented by Committee counsel, Debtors' counsel and special trial counsel.  The Lender Defendants are represented by highly competent counsel.  The Settlement provides immediate and substantial value to the estate, not only in terms of cash considerations and beneficial transfers of standing, but also in terms of simplification of the administration of the Lender Reserves.

25.     The Debtors and the Committee carefully evaluated and negotiated this Settlement and believe it is fair and equitable and in the best interest of the estate.  The terms of the Settlement are reasonable and well within the Debtors' business judgment.

26.     Therefore, in light of the Debtors' business judgment and the benefits to the estate from the proposed Settlement, the Court should grant this Amended Motion.

## NOTICE

27.     Notice of this Motion has been given to (a) counsel for the Defendants, (b) the U.S. Trustee, and (c) and those parties that have formally requested receipt of pleadings in the Debtors' cases pursuant to Bankruptcy Rule 2002.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors and the Committee respectfully request that the Court grant this Amended Motion and enter an order approving the Settlement substantially in the form of the proposed order filed herewith.

Dated: November 6, 2015           BAYARD, P.A.
       Wilmington, DE

                                    */s/ Evan T. Miller*
                                    Charlene D. Davis (No. 2336)
                                    Evan T. Miller (No. 5364)
                                    222 Delaware Avenue, Suite 900
                                    Wilmington, DE 19801
                                    Telephone: (302) 655-5000
                                    Facsimile: (302) 658-6395
                                    E-mail:cdavis@bayardlaw.com
                                            emiller@bayardlaw.com

                                    *Counsel to the Debtors and Debtors in Possession*

                                    -and-

GELLERT SCALI BUSENKELL &
BROWN LLC
Michael G. Busenkell (No. 3933)
913 N. Market St., 10th Floor
Wilmington, DE 19801
Telephone: (302) 425-5812
Facsimile: (302) 425-5814
Email: mbusenkell@gsbblaw.com

*Delaware Counsel to the Official
Committee of Unsecured Creditors*

DIAMOND McCARTHY LLP
Allan B. Diamond (*admitted pro hac vice*)
Christopher R. Murray, Esq. *(admitted pro
hac vice)*
Benjamin R. Garry, Esq. *(admitted pro hac
vice)*
909 Fannin Street, 15th Floor
Houston, TX  70010
Telephone: (713) 333-5100
Facsimile: (713) 333-5199
E-mail:adiamond@diamondmccarthy.com
        cmurray@diamondmccarthy.com
        bgarry@diamondmccarthy.com

*Special Litigation Counsel to the
Debtors and the Official Committee of
Unsecured Creditors*